This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Carl J. Elkins appeals from his conviction in the Summit County Court of Common Pleas for violation of R.C. 2903.11(A)(2). This Court affirms.
On June 5, 1998, Elkins was arrested on one count of menacing by stalking in violation of R.C. 2903.211(A), and one count of felonious assault in violation of R.C. 2903.11(A)(2) for allegedly hitting a man with a crowbar. Elkins was released on bond and was subsequently arrested and further charged with one count of intimidation of a crime victim or witness in violation of R.C.2921.04(A) in connection with the two prior charges. In a trial to the bench on all three counts on September 3, 1998, Elkins was found guilty of felonious assault and not guilty of the other two counts.
Elkins timely appeals the felonious assault conviction, raising two assignments of error. Because this Court's resolution of the second assignment of error is dispositive, the errors will be addressed in reverse order.
 Assignment of Error No. I. The state failed to establish beyond a reasonable doubt the necessary elements to sustain a conviction for felonious assault ([R.C.] 2903.11(A)(2)), in violation of appellant's right to due process of law under the United States and Ohio
Constitutions.
 Assignment of Error No. II. The judgment finding the appellant guilty of felonious assault ([R.C.] 2903.11(A)(2)), was against the manifest weight of the evidence in violation of the due process clause of the United States Constitution and Article I, Section
Sixteen of the Constitution of the State of Ohio.
In his second assignment of error, Elkins contends that, because the evidence "was not convincing and was not compelling," the trial court's judgment finding him guilty of felonious assault was against the manifest weight of the evidence. This Court disagrees.
In addressing a challenge to the manifest weight of the evidence this Court must apply the standard set forth by the Supreme Court of Ohio:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. This examination of the record is not concerned with the mere amount of evidence; rather,
 [w]eight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
(Emphasis sic.) Id., quoting Black's Law Dictionary (6 Ed. 1990) 1594.
R.C. 2903.11(A)(2) provides:
(A) No person shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
R.C. 2923.11(A) defines "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
On June 4, 1998, an Akron police officer was flagged down at the intersection of Ira Avenue and Edison Street in Akron, by a man whose head was bleeding and who claimed that Elkins had hit him with a crowbar. The officer found Elkins at the scene and a crowbar in his car. After an investigation, the officer charged Elkins with felonious assault.
Elkins argues that while he had hit the victim, he did not hit him with a deadly weapon. He contends that the state did not prove that he had used a deadly weapon to cause or attempt to cause physical harm to another, and that the conviction should be overturned as against the weight of the evidence. In support of this contention, Elkins sets forth the following arguments: There were no other witnesses to the incident other than Elkins and the victim; no tests were conducted to check for blood on the crowbar; no attempt was made to conceal the alleged weapon; there was no medical testimony that the cut requiring seven stitches was caused by a deadly weapon; and the victim did not act in a manner consistent with being hit with an object such as a crowbar.
At trial the victim testified that on June 4, 1998, he was driving his truck. As the victim approached the intersection of Ira Avenue and Edison Street in Akron, Elkins pulled his car next to the victim's truck. The men exchanged words. The victim testified that he took a drink of his coffee and suddenly Elkins struck him on the head with a crowbar. The victim then pulled his truck over to the side of the road because he was dazed and bleeding. He started to walk toward Elkins, who was trying to get in his own car that had begun rolling, when he saw a police paddy wagon and flagged it down.
The officer testified that, as he approached the intersection of Ira Avenue and Edison Street, the victim flagged him down. The victim was on the right side of the street, holding his head and bleeding. On the left side of the street the officer observed Elkins half in his car and half out, trying to stop his car from hitting a telephone pole. After the officer instructed Elkins several times to turn his car off and to get out of his vehicle, Elkins complied. Upon talking to both men, the officer was told by the victim that Elkins had hit him with a crowbar. Elkins told the officer that he had hit the victim, but not with a crowbar. The officer arrested Elkins and seized a crowbar that was lying in plain view on the driver's side floorboard of Elkins' car.
Elkins' testimony as to whether he had hit the victim was inconsistent. On direct examination Elkins did not admit to hitting the victim. He stated that the victim was injured, but that he did not know how the injury occurred. Elkins explained, "I saw him bleeding when I was standing there talking to him. He does work on people's houses and stuff. He got a lot of enemies. That is all I can tell you." Elkins testified that he had the crowbar in his car because he just changed his tire. On cross-examination Elkins was non-responsive when the state asked: "But then you did get into a physical altercation with [the victim], correct?" Finally, the trial court asked Elkins: "[D]id you hit [the victim] on June 4th?" Elkins answered that he had hit the victim with a backhand and that the ring he was wearing caused the injury.
In reviewing this testimony, this Court remains cognizant of the well-settled principle that assessments of witness credibility are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, this Court finds that the evidence does not weigh heavily against convicting Elkins for a violation of R.C. 2903.11(A)(2). The trial court was entitled to believe the testimony of the victim and the officer, and to disbelieve Elkins' claim that he had hit the victim with the back of his hand and not with a deadly weapon. Upon examination of the entire record, this Court finds that the trier of fact did not lose its way so as to create a manifest miscarriage of justice such that the conviction must be reversed. Accordingly, Elkins' second assignment of error is overruled.
In his first assignment of error, Elkins argues that the state failed to establish beyond a reasonable doubt the necessary elements to sustain a conviction for felonious assault in violation of appellant's right to due process of law under the United States and Ohio Constitutions. This Court has previously noted that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight
of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Having found that Elkins' conviction was not against the weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence.
Elkins' two assignments of error are overruled. Accordingly, the judgment of the common pleas court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR
FOR THE COURT WHITMORE, J.
BATCHELDER, J.
CONCUR